The Honorable John W. Segrest McLennan County Criminal District Attorney 219 North Sixth Street, Suite 200 Waco, Texas 76701
Re: Whether a county commissioners court may establish an electronic monitoring program under Code of Criminal Procedure article 42.035(b) (RQ-0718-GA)
Dear Mr. Segrest:
You write that the McLennan County Commissioners Court (the "commissioners court") seeks to establish an electronic monitoring program, separate from a program established by the local community supervision and corrections department, that may be imposed as a component of house arrest under Code of Criminal Procedure article42.035(b).[1] See TEX. CODE CRIM. PROC. ANN. art. 42.035(b) (Vernon 2006). You ask whether the commissioners court has authority to establish such an electronic monitoring program.[2]
Article 42.035(a) authorizes "[a] court in a county served by a community supervision and corrections department that has an electronic monitoring program. . . . [to] require a defendant to serve all or part of a sentence of confinement . . . by submitting to electronic monitoring. . . ." Id. art. 42.035(a). In different language, subarticle (b) also authorizes a judge to permit a convicted defendant to serve the defendant's sentence "under house arrest, including electronic monitoring and any other conditions the court chooses to impose. . . ." Id. art. 42.035(b).
A commissioners court has no express or implied authority under article 42.035 to establish an electronic monitoring program that is separate from that established by a community supervision and corrections department. See City of San Antonio v. City of Boerne, 111 S.W.3d 22, 28
(Tex. 2003) (stating that a county commissioners court may exercise only those expressly conferred and *Page 2 
implied powers). Subarticle (b) does not specify the entity that may establish an electronic monitoring program. See TEX. CODE CRIM. PROC. ANN. art. 42.035(b) (Vernon 2006). And subarticle (c), which authorizes a court to require the defendant to pay the "the cost of electronic monitoring," may be understood with reference to the county's responsibility to provide the local community supervision and corrections department with "equipment"; thus, it does not implicitly authorize a commissioners court to establish an electronic monitoring program. Seeid. art. 42.035(c); see also TEX. GOV'T CODE ANN. § 76.008(a) (Vernon 2005) (setting out county's responsibility in relation to the local community supervision and corrections department).
In light of this answer, we do not address your second question regarding the legality of certain aspects of an electronic monitoring program established by a commissioners court.[3] Request Letter,supra note 1, at 2. *Page 3 
 SUMMARY
Texas Code of Criminal Procedure article 42.035 does not authorize a county commissioners court to establish an electronic monitoring program separate from that established by a community supervision and corrections department.
Very truly yours,
 GREG ABBOTT Attorney General of Texas
 KENT C. SULLIVAN First Assistant Attorney General
 ANDREW WEBER Deputy Attorney General for Legal Counsel
 NANCY S. FULLER Chair, Opinion Committee
 Kymberly K. Oltrogge Assistant Attorney General, Opinion Committee
[1] Letter from Honorable John W. Segrest, McLennan County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1-2 (May 22, 2008) (on file with the Opinion Committee, also availableat www.texasattorneygeneral.gov) [hereinafter Request Letter]; see also
Letter from Honorable John W. Segrest, McLennan County Criminal District Attorney, to Honorable Matt Johnson, Judge, 54th District Court, at 1 (May 20, 2008) (attached to Request Letter).
[2] Telephone conversation with Honorable John Segrest, McLennan County Criminal District Attorney (Oct. 1, 2008).
[3] We do not consider whether a county commissioners court could establish an electronic monitoring program as part of a county correctional center or a county jail industries program. Nothing in your request or in any materials submitted with your request indicates that the proposed electronic monitoring program would be a component of either a correctional center or jail industries program. See TEX. LOC. GOV'T CODE ANN. §§ 351.181, .201(a) (Vernon 2005). See generally Request Letter, supra note 1, and materials attached thereto. Nor do we consider a county commissioners court's authority to establish an electronic monitoring program under article 17.44 of the Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. art. 17.44 (Vernon 2005).